||
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TYRONE HURT,<br>         Plaintiff,<br>    vs.<br>THE UNITED KLANS,<br>         Defendant. | Case No: C 12-4097 SBA<br>**DISMISSAL ORDER**<br>Docket 3 |

Tyrone Hurt ("Plaintiff"), proceeding pro se, brings the instant civil rights action against "The United Klans." See Compl., Dkt. 1.  Plaintiff has also filed an application to proceed in forma pauperis ("IFP").  As set forth below, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2), and denies Plaintiff's IFP application as moot.

I.   **LEGAL STANDARD**

Under § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  A pleading filed by a pro se plaintiff must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To determine whether an IFP complaint passes muster under § 1915, the Court applies the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support

a cognizable legal theory.  <u>Somers v. Apple, Inc.</u>, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.

## II.  DISCUSSION

In the instant case, Plaintiff has failed to allege facts stating a claim for relief that is plausible on its face. The allegations in the complaint are vague and largely incomprehensible.  Although not entirely clear, it appears that Plaintiff seeks to state a civil rights claim under the Eighth Amendment against "The United Klans" predicated on the bombing of the 16th Street Baptist Church in Birmingham, Alabama in 1963.  As relief, Plaintiff seeks, among other things, an order permanently exiling the Klu Klux Klan from the United States.

The Court construes Plaintiff's complaint as attempting to allege a violation of a right secured by the United States Constitution under 42 U.S.C.1983 or <u>Bivens v. Six Unknown Named Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), which is the federal analog to suits brought under § 1983.  <u>Iqbal</u>, 556 U.S. at 675.[1]  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).  To state a private cause of action under <u>Bivens</u>, Plaintiff must allege:  (1) the violation of a right secured by the Constitution of the United States; and (2) that the alleged deprivation was committed by

---

[1] <u>Bivens</u> "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980).

a federal actor.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and Bivens actions are identical save for the replacement of a state actor under § 1983 by a federal actor).

As an initial matter, dismissal is appropriate because Plaintiff has failed to plead any facts showing that the instant action is timely.  Further, dismissal is appropriate because Plaintiff has not alleged any facts demonstrating that he has suffered a constitutional violation caused by a person acting under color of state law or a federal actor.  Indeed, Plaintiff has pled no facts suggesting that he has standing to bring a civil rights action against "The United Klans" predicated on the bombing of the 16th Street Baptist Church in Birmingham, Alabama.[2]  Plaintiff has not alleged any facts showing that he has suffered an "injury-in-fact."  Accordingly, the Court DISMISSES the complaint for failure to state a claim on which relief may be granted.  Because the Court finds that granting leave to amend would be futile, this action is dismissed without leave to amend.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The complaint is DISMISSED without leave to amend.
2. Plaintiff's IFP application is DENIED as MOOT.
3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  5/28/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[2] To establish Article III standing, Plaintiff must allege facts showing an "injury-in-fact," causation, and redressability.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).  Injury-in-fact requires damage to a "legally protected interest that is both concrete and particularized, and actual or imminent, not conjectural or hypothetical."  Id. at 560 (citations and quotation marks omitted).  "The party invoking federal jurisdiction bears the burden of establishing these elements."  Id. at 561.